[No. 2516.]

## Winters v. Stoddard & Company. ·

**1. Contracts.**

Where material was furnished and services performed by plaintiff at defendant's request, defendant is liable to plaintiff therefor, and an agreement, to which plaintiff was not a party, between defendant and another person, is immaterial.

**2. Evidence—Appellate Practice.**

Appellant cannot complain of the admission of evidence which was admitted at his own instance and was afterward stricken out on his motion.

*Appeal from the County Court of Arapahoe County.*

Mr. W. W. Garwood, for appellant.

Mr. George F. Dunklee and Mr. O. E. Jackson, for appellees.

Gunter, J.

Appellees sued to recover of appellant the value of certain ·plumbing supplies furnished, and work done in putting them in place. From a judgment in their favor the case is here.

It is said that the evidence was insufficient to sustain the verdict.

1. There is no conflict in the evidence as to the services performed or the materials furnished, nor is there any conflict as to the value of such services or materials, nor is there any substantial conflict as to the fact that the services were performed and materials furnished at the request of appellant. There is some conflict as to what was the agreement between appellant and third parties as to liability for the work and supplies, but that conflict is not material to this controversy, as the appellees who performed the services were not parties to it. We think the court would have been justified at the conclusion of the entire evidence in instructing the jury to render

a verdict for appellees for the amount they claimed.

2.   It is said that error was committed in receiving in evidence a certain lease.  As to this lease, it was admitted in evidence at the instance of appellant, and later, on his motion, was stricken therefrom.  If any error was worked by its contents being made known to the jury, appellant is in no position to complain of it.

3.   It is said that error was committed in the giving of instructions 7 and 8.  When the instructions are taken as a whole, they clearly place upon appellees the burden of proving the contract sued on, which was the only question in issue.

The judgment below was right, and should be affirmed.                                      *Affirmed.*

THOMSON, P. J., not sitting.